UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ENDURANCE RISK SOLUTIONS ASSURANCE CO., HOMELAND INSURANCE COMPANY OF NEW YORK, ASPEN INSURANCE UK LIMITED, ASPEN INSURANCE LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE NO. 4711, ASPEN UNDERWRITING LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE NO. 4711, ASPEN MANAGING AGENCY LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE NO. 4711, LLOYD'S UNDERWRITER SYNDICATE NO. 4711,<br><br>    Defendants. | No. 1:20-cv-01580-MKV<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __2/22/2022__ |

1

**WHEREAS**, the parties to the above-captioned action (the "Litigation") will engage in discovery, which will include, among other things, answering written discovery requests, taking depositions, and producing documents (which includes electronically stored information).

**WHEREAS**, the discovery will necessarily involve the production of certain docuemnts and information that the parties to the Litgiation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

**WHEREAS**, it has been agreed by and among the Parties to the Litigation that a stipulated protective order, pursuant to Fed. R. Civ. P. 26(c), preserving the confidentialty of certain document and information produced by the Parties should be entered by the Court;

**WHEREAS**, it has been agreed by and among the Parties to the Litigation that a Fed. R. Evid. 502(d) order should be entered by the Court (collectively referred to herein with the stipulated protective order as "Protective Order"); and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the Parties;

**IT IS HEREBY ORDERED:**

1. This Protective Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or third party providing Discovery Material (each a "Producing Party") in this Litigation.

2. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party reasonably believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material").

3. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

   A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD);

   B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within fifteen (15) business days of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court; and

    C. In the case of any other Discovery Material, by written notice within a reasonable time after production that the Discovery Material constitutes Confidential Discovery Material.

4. Materials provided to a Party by another Party or third party prior to the entry of this Protective Order are not subject to the provisions of this Protective Order unless they are produced by a Party in this Litigation. A third party producing documents in this Litigation may designate them as Confidential Discovery Material so long as the party agrees to follow and be bound by the terms of this Protective Order. Regardless of whether a third party designates its own production of documents as Confidential Discovery Material, a Party may designate some or all of the third party production as Confidential Discovery Material so long as there is a good faith basis to do so.

5. The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

6. If timely corrected, an inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 3. In addition, where applicable and if possible, the Party must re-produce

the document or information at issue with the Confidential Discovery Material redacted. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 12 of this Protective Order.

7. A receiving party may use Confidential Discovery Material that is disclosed or produced by another Party or by a third party in connection with this Litigation only for prosecuting, defending or attempting to settle this action. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

4

A. The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Protective Order;

B. Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying, electronically stored information and litigation support services) who are assisting with the Litigation for use in accordance with this Protective Order;

C. Subject to Paragraph 9, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D. Subject to Paragraph 10, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

E. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual

  or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

 F. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

 G. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

 H. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

 I. The receiving party's auditors, insurers, reinsurers, insurance representatives and regulators of the Parties to whom disclosure is reasonably necessary for this action.

8. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Protective Order.

9. Notwithstanding Paragraph 7.C. above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an

employee of, or advising or discussing employment with, or consultant to, any Party or any potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

10. Notwithstanding Paragraph 7.D. above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Protective Order. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be

responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

11. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

12. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a third party shall enclose a copy of this Protective Order and notify the third party that the protections of this Protective Order are available to such third party if the third party agrees to follow the terms of this Protective Order.

13. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material (i) must be filed with the Court under seal in accordance with the provisions of Judge Mary Kay Vyskocil's Individual Rules Of Pracitce In Civil Cases, including Section 9, as well as any other applicable

rules, procedures or requirements, and (ii) must be designated by marking the words "CONFIDENTIAL MATERIAL" on every page of the filing.

14. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential.

15. The Parties reserve the right to apply to the Court upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order.

16. Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Protective Order, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

9

    C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Protective Order;

    E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

    G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

    H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

17. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material obtained

lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

18. The Parties recognize that in the course of litigation they may disclose content that is privileged or otherwise protected from disclosure, such as attorney work product. To minimize the risk of waiving applicable privileges and protections, the Parties jointly request that the Court sign and enter the proposed Federal Rule of Evidence 502(d) order filed concurrently herewith.

19. If Discovery Material that is subject to a good faith claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

   A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

   B. If a claim of inadvertent production is made pursuant to this Protective Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination, use, or disclosure of the claimed Inadvertent Production Material (except as permitted under Paragraph 19.C. below); (ii) if

11

      requested in writing, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court, except as provided by Paragraph 19.C. below.

    C. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material and in connection with said motion, the moving Party may use the Inadvertent Production Material, including as an exhibit, but only so long as the motion and any exhibit referencing or including the Inadvertent Production Material is filed under seal and no other Party or third party may see the Inadertent Production Material (*e.g.*, in camera inspection only) during the pendency of the motion. Such motion may not assert as a ground for challenging the designation of Discovery Material as Inadvertent Production Material the fact that the moving party is using it to challenge the designation. Under no circumstances may the Party challenging Inadvertent Production Material use the information in any way beyond what is stated in this Paragraph unless and until the Court orders otherwise.

20. Nothing herein shall be deemed to waive any applicable common law or statutory privilege, immunity or work product protection.

21. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party, by its counsel,

has executed and filed with the Court its agreement to be fully bound by this Protective Order.

22. The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

23. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24 below.

24. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

25. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith

and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and upon request certify to that fact in writing to counsel for the Producing Party. Counsel retaining any vendors shall have the responsibility for ensuring their compliance with same. Parties who are required to retain Confidential Discovery Material by reinsurers or to comply with Federal, state or local regulators or as otherwise required by law, shall return or destroy such materials when permitted under such requirements. With respect to information stored on a Party's internal data storage systems, that Party shall continue to maintain all such Confidential Discovery Material as confidential under the terms of this Protective Order, and apply any applicable document or data destruction procedures to such materials. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and Discovery Material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

26. If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or overnight mail) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Protective Order.

27. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Protective Order. In the event that Confidential

Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

| | |
|---|---|
| Dated: January 11, 2022 | **BARNES & THORNBURG LLP** |
| | */s/ David E. Wood* |
| | Robert J. Boller<br>Niraj Parekh<br>445 Park Avenue, Suite 700<br>New York, NY 10022<br>Telephone: 646-764-2020<br>Facsimile: 646-764-2001<br>Email: rboller@btlaw.com<br>Email: nparekh@btlaw.com |
| | David E. Wood (*pro hac vice*)<br>Joshua B. Rosenberg (*pro hac vice*)<br>2029 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone: 310-284-3880<br>Facsimile: 310-284-3894<br>Email: dwood@btlaw.com<br>Email: jrosenberg@btlaw.com |
| | *Attorneys for Plaintiff Computer Sciences Corporation* |

Dated: January 11, 2022

**ROBINSON & COLE LLP**

/s/  Erica J. Kerstein

Erica J. Kerstein
Meryl Breeden
Chrysler East Building
666 Third Avenue, 20th Floor
New York, NY 10017
Telephone:  212-451-2900
Facsimile:  212-451-2999
Email:  ekerstein@rc.com
Email:  mbreeden@rc.com

*Attorneys for Defendant Endurance Risk Solutions Assurance Co.*

Dated: January 11, 2022

**TRAUB LIEBERMAN LLP**

/s/  Richard Rogers

Lisa Shrewsberry
Richard Rogers
Seven Skyline  Drive
Hawthorne, NY 10532
Telephone:  914-347-2600
Facsimile:  914-347-8898
Email:  lshrewsberry@tlsslaw.com
Email:  rrogers@tlsslaw.com

*Attorneys for Defendants Homeland Insurance Company of New York, Aspen Insurance UK Limited, Aspen Insurance Limited for and on behalf of Lloyd's Underwriter Syndicate No. 4711, Aspen Underwriting Limited for and on behalf of Lloyd's Syndicate No. 4711, Aspen Managing Agency Limited for and on behalf of Lloyd's Underwriter Syndicate No. 4711, and Lloyd's Underwriter Syndicate No. 4711*

17

**Granted. SO ORDERED.**

Date: 2/22/2022
New York, New York

Mary Kay Vyskocil
United States District Judge

## EXHIBIT A

## UNDERTAKING OF STIPULATED PROTECTIVE AND F.R.E. 502(D) ORDER

I, [*INSERT*], acknowledge receipt of the STIPULATED PROTECTIVE AND F.R.E. 502(d) ORDER entered in the United States District Court for the Southern District of New York action captioned *Computer Sciences Corporation v. Endurance Risk Solutions Assurance Co., et al.*, C.A. No. 1:20-cv-01580-MKV ("Protective Order").

I hereby undertake and agree to abide by the terms and conditions of the Protective Order.

Dated: _____, 2022

_____
[*INSERT NAME*]