# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>ENDURANCE RISK SOLUTIONS ASSURANCE CO., HOMELAND INSURANCE COMPANY OF NEW YORK, ASPEN INSURANCE UK LIMITED, ASPEN INSURANCE LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE NO. 4711, ASPEN UNDERWRITING LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE, ASPEN MANAGING AGENCY LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATION NO. 4711, LLOYD'S UNDERWRITER SYNDICATE NO. 4711,<br><br>        Defendants. | No. 1:20 Civ. 01580-MKV |

**DEFENDANT ENDURANCE RISK SOLUTIONS ASSURANCE CO.'S RESPONSES AND OBJECTIONS TO PLAINTIFF COMPUTER SCIENCES CORPORATION'S <u>FIRST SET OF DOCUMENT REQUESTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant Endurance Risk Solutions Assurance Co. ("Endurance"), by and through its attorneys, Robinson & Cole LLP, submit these responses and objections, upon information and belief, to Plaintiff Computer Sciences Corporation's ("CSC") First Set of Document Requests ("Requests"), dated January 6, 2022, as follows:

24007196-v1

## PRELIMINARY STATEMENT

Each of the following responses is made solely for the purpose of this action. Further, responses are provided with respect to the claims brought by Plaintiff under the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period (the "Endurance Excess Policy"). Endurance reserves the right to continue to supplement its responses should additional information become available as investigation and discovery continue in accordance with the Federal Rules of Civil Procedure and any applicable Scheduling Order. Endurance's responses are made in good faith after a reasonable search and diligent inquiry and upon information and belief, and should not be construed to prejudice Endurance's right to conduct further investigation, discovery, analysis, legal research and/or preparation, or to limit Endurance's right to utilize any additional evidence that may be developed. Endurance has not yet completed its investigation of the facts or law relating to this case, has not yet undertaken its own discovery in this action, and has not begun its preparations for trial. The following responses are given without prejudice to Endurance's right to produce at the time of trial or beforehand, subsequently discovered evidence or evidence relating to proof of facts later discovered to be material.

## GENERAL OBJECTIONS

Endurance responds to each of the Requests subject to the general objections as set forth below. Each of these general objections is incorporated by reference into each of Endurance's responses, even if they are not specifically referred to in each response. Any specific objection or response by Endurance is made without waiver of, and subject to, these general objections.

1. Endurance objects to the Requests to the extent that CSC seeks to impose any obligation on Endurance beyond those imposed by the Federal Rules of Civil Procedure.

2. Endurance objects to the Requests to the extent that they purport to require disclosure of: (i) legal theories, legal opinions, or mental impressions; (ii) any information protected by any privilege, including without limitation the attorney-client privilege, the joint defense privilege, or the privilege accorded to settlement negotiations; or (iii) any other available or valid grounds for withholding information or documents from production, including without limitation the work-product doctrine (collectively, "Privileged Information").

3. Endurance's responses to the Requests are based upon documents and information presently available. Endurance has not completed discovery or preparation for trial. Accordingly, these responses are made without prejudice to Endurance's right to modify or supplement its responses, or to present additional evidence or contentions at trial. By producing or referring to documents in response to the Requests, Endurance does not concede the admissibility of any document produced or that the document is original, true, accurate, complete, or authentic.

4. Endurance objects to the Requests to the extent that they purport to require disclosure of Endurance's confidential and proprietary business information and/or trade secrets.

5. Endurance objects to the Requests, instructions, and definitions to the extent that they require Endurance to draw legal conclusions to respond.

6. Endurance objects to the Requests to the extent they seek litigation or trial strategy materials.

7. Endurance objects to the Requests to the extent that they request the production of documents that are not in the possession, custody, or control of Endurance.

8. Endurance objects to the Requests generally on the grounds that they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor proportional to the needs of the case, and seek irrelevant information.

9. Endurance objects to the Requests to the extent they seek documents and materials relating to the drafting and/or interpretation of the alleged insurance contracts at issue, any other insurance contracts they may have issued to other insureds at any time, and/or any part, portion or provision thereof, on the grounds that such extrinsic evidence is irrelevant, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence and is unduly burdensome.

10. Endurance objects to each Request to the extent it seeks documents or materials in the public domain, that are already within Plaintiffs' possession or control, or generally available to Plaintiff, on the grounds that such requests are unduly burdensome and oppressive.

11. Endurance objects to each Request to the extent that it calls for the production of documents, materials, or information subject to a confidentiality agreement or a protective order.

12. Endurance objects to each Request to the extent that it is misleading, vague, ambiguous, repetitive, unintelligible, nonsensical and/or convoluted so as to render it impossible to respond in any reasonable time or manner.

13. Endurance submits these responses and objections to the Requests without conceding the relevancy or materiality of the subject matter of any request, and without prejudice to its right to object to further discovery, or to object to the admissibility of any additional proof on the subject matter of any documents at trial.

14. The inadvertent disclosure of any Privileged Information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information disclosed by Endurance.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Endurance objects to the definitions of "Endurance," and "You," "Your" and "Yours," on the grounds that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the subject matter of this action because they include individuals and entities who are not parties to this action. Endurance responds to each request on its behalf only and only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period.

2. Endurance objects to the definitions of "Communications," and "Document" to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

3. Endurance objects to the "relevant time period," on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the subject matter of this action because January 1, 2008 (which CSC cites as the year the exclusions first appeared in the errors and omissions policies that ACE, later Chubb, sold to CSC) is clearly beyond the relevant scope of this action. Endurance responds to these requests on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to

November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period.

4. Endurance objects to the Instructions to the extent that they exceed the requirements of the Federal Rules of Civil Procedure or other applicable law.

## SPECIFIC RESPONSES AND OBJECTIONS

1. All documents reflecting your internal communications during the relevant period about any provision of the Chubb Policy or the Endurance Policy (including similar language in any predecessor and/or successor policy) you believe limits or excuses Endurance from covering CSC's insurance claim arising from the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. As noted in the General Objections, Endurance objects to the "relevant time period" on the same grounds, and further notes that Endurance responds to this request on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period. Endurance further objects to this Request to the extent that it seeks privileged information.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy

- 6 -

and the claim CSC made under that policy at issue in this lawsuit, subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

2. All documents reflecting your external communications with CSC, and any broker or any other third party (except for written communications with CSC's counsel) during the relevant period about any provision of the Chubb Policy or the Endurance Policy (including similar language in any predecessor and/or successor policy) you contend limits or excuses Endurance's obligation to cover CSC's insurance claim arising from the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. As noted in the General Objections, Endurance objects to the "relevant time period" on the same grounds, and further notes that Endurance responds to this request on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period. Endurance further objects to this Request to the extent the requested documents are already in the possession, custody, or control of CSC and/or its agents.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy and the claim that CSC made under that policy at issue in this lawsuit subject to the executed Protective Order in effect in this case.

3.      All errors and omissions insurance policy forms bearing discrete form numbers that you sold to technology companies during the relevant period to cover their professional liability to their clients.

**RESPONSE:**   Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

4.      All agreements with any insurance broker who placed the Chubb Policy or the Endurance Policy (including any predecessor policy and/or successor policy in effect during the

relevant time period) describing the broker's compensation and/or authority to act for Chubb or Endurance in connection with these policies.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

5. All documents reflecting your marketing of errors and omissions insurance that you sold to technology companies during the relevant time period to cover their professional liability to their clients.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it

requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

6. Contracts, treaties, and/or policies providing reinsurance for the Endurance Policy.

**RESPONSE**: Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

7. All documents (including your internal communications and/or communications with any third party except CSC's counsel) reflecting your investigation of CSC's insurance claim arising out of the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not

proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks privileged information. As noted in the General Objections, Endurance objects to the "relevant time period" on the same grounds, and further notes that Endurance responds to this request on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy at issue in this lawsuit and subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

8. All documents (including your internal communications and/or communications with any third party except CSC's counsel) reflecting your coverage analysis of CSC's insurance claim arising out of the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks privileged information. As noted in the General Objections, Endurance objects to the "relevant time period" on the same grounds, and further notes that

Endurance responds to this request on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy at issue in this lawsuit and subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

9. All documents (including your internal communications and/or communications with any third party except CSC's counsel) about your coverage decision(s) concerning CSC's insurance claim for coverage arising out of the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks privileged information. As noted in the General Objections, Endurance objects to the "relevant time period" on the same grounds, and further notes that Endurance responds to this request on its behalf only, only with respect to the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, and only as it pertains to the specific claim CSC made under the Endurance Excess Policy under that policy period.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy at issue in this lawsuit and subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

10. All documents (including your internal communications and/or communications with any third party except CSC's counsel) about reserves, including, but not limited to, loss reserves, indemnity reserves, and/or expenses reserves, concerning CSC's insurance claim for coverage arising out of the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance also objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

11. All documents reflecting your claim-handling rules, manuals, guidelines, instructions, and/or best practices in effect or under consideration during the time period from November 1, 2014 (when the Chubb and Endurance Policies went into effect) to the present.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

12. All documents reflecting your underwriting rules, manuals, guidelines, instructions, and/or best practices for underwriting errors and omissions insurance for sale to technology companies to cover their professional liability to their clients, in effect or under consideration during the relevant time period.

**RESPONSE**: Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this

Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature.  As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

13. All documents in your claim file concerning CSC's insurance claim arising from the Kemper Arbitration, including the Kemper Award.

**RESPONSE:** Endurance objects to this Request to the extent that it seeks privileged information.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents from its claim file relating to or referring to the Endurance Excess Policy at issue in this lawsuit and subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

14. All documents in your underwriting files concerning the Endurance Policy, the Chubb Policy, and all predecessor and/or successor policies in effect during the relevant time period.

**RESPONSE:**   Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter

of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

15. All drafts of the Endurance Policy, the Chubb Policy, and all predecessor and/or successor policies in effect during the relevant time period.

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

16. All documents reflecting your communications with Chubb (or any other insurer in any errors and omissions insurance tower covering CSC) about the underwriting of the Endurance

Policy and/or the Chubb Policy (including all predecessor and/or successor policies in effect during the relevant time period).

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues. Endurance further objects to this Request to the extent that it seeks information that is confidential, proprietary, or trade secret in nature. As noted in the General Objections, Endurance objects to this Request to the extent it requests information related to another insurance carrier, another policy other than the Endurance Excess Policy No. PRX10004334301 issued by Endurance to CSC effective for the November 1, 2014 to November 27, 2015 policy period, or any other information which does not specifically relate to the claim CSC made under the Endurance Excess Policy No. PRX10004334301.

17. All documents relevant to your contention that Endurance and CSC have reached a settlement of this litigation.

**RESPONSE**: Endurance objects to this Request to the extent that it seeks privileged information.

Subject to and without waiving its objections, Endurance refers CSC to the documents attached to its Motion to Enforce the Settlement Agreement between Endurance and CSC which will be filed on February 8, 2022.

18. All documents referred to or relied on by you in responding to CSC's First Set of Interrogatories.

- 17 -

**RESPONSE:** Endurance objects to this Request as overly broad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case because it seeks information not relevant to the subject matter of this action or necessary for a fair adjudication of the issues.

Subject to and without waiving its objections, Endurance will produce copies of responsive, non-privileged documents referred to or relied on by Endurance in responding to CSC's First Set of Interrogatories and subject to the executed Protective Order in effect in this case. *See also* "Description of Documents" in Endurance's Rule 26 Initial Disclosures dated February 1, 2022.

Dated: February 7, 2022

ROBINSON & COLE LLP

By: _____
Erica J. Kerstein
Meryl Breeden
666 Third Avenue, 20th Floor
New York, New York 10017
Tel:  212-530-2990
Email: ekerstein@rc.com
       mbreeden@rc.com

*Attorneys for Defendant Endurance Risk Solutions Assurance Co.*