USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMPUTER SCIENCES CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>ENDURANCE RISK SOLUTIONS ASSURANCE CO., HOMELAND INSURANCE COMPANY OF NEW YORK, ASPEN INSURANCE UK LIMITED, ASPEN INSURANCE LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE NO. 4711, ASPEN UNDERWRITER LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATE, ASPEN MANAGING AGENCY LIMITED FOR AND ON BEHALF OF LLOYD'S UNDERWRITER SYNDICATION NO. 4711, and LLOYD'S UNDERWRITER SYNDICATE NO. 4711,<br><br>Defendants. | 1:20-cv-01580-MKV<br><br>ORDER ON DISCOVERY DISPUTE |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Computer Science Corp brings this action against Defendant insurers Endurance Risk Solutions Assurance Co. ("Endurance"), Homeland Insurance Company of New York ("Homeland"), and Aspen Insurance UK Limited ("Aspen"), (collectively "Defendants") for breach of contract and breach of the covenant of good faith and fair dealing. (Compl. [ECF No. 1]). On September 29, 2021, the Court denied the motion of Defendants to dismiss the Complaint. (Opinion & Order [ECF No. 59]). The parties have since commenced discovery.

Subsequent to the Court's Opinion and Order denying Defendants Motion to Dismiss, Endurance filed a letter with the Court representing that it had reached a settlement agreement with Plaintiff in April 2021 by email, but that after this Court denied the motion of Defendants to dismiss this case, Plaintiff refused to honor the agreement. [ECF No. 66]. Endurance sought leave to file a motion to enforce the settlement agreement and asked the Court to stay discovery

1

pending the resolution of its contemplated motion. [ECF No. 66]. The Court granted Endurance leave to file its Motion but denied its request to stay discovery. [ECF No. 77].

Plaintiff and Endurance have now filed a joint letter, (Jt Ltr [ECF No. 96]), as well as several exhibits, (Jt Ltr Exhibits [ECF No. 100]), regarding a discovery dispute. Plaintiff represents that it timely served discovery requests on Endurance. (Jt Ltr at 1). Endurance has objected to several requests as irrelevant. (Jt Ltr at 3–4). The parties have divided these requests into five broad categories, which the Court addresses in turn.

## I. Requests For Underwriting Technology Errors And Omissions Insurance Policies For Plaintiff

Plaintiff first requests all documents and information regarding Endurance's underwriting of the Technology Errors and Ommissions ("Tech E&O") Policy at issue in this case (the "Policy"). (Jt Ltr at 2). Endurance objects to this request on the grounds that (1) insurance contracts should be interpreted by the plain language of the contract, not extrinsic evidence; (2) the terms of the Endurance Excess policy are not at issue because the claims concern only provisions found in the ACE primary policy;[1] and (3) the drafting history of policies other than that issued by Endurance to Plaintiff are irrelevant to Plaintiff's claims here. (Jt Ltr at 3).

Endurance's objections are unfounded. Courts in this district have held that, in order to properly interpret an insurance policy, it is necessary to discern how that policy has been interpreted in the past. *See, e.g.*, *Virtu Fin. Inc. v. AXIS Ins. Co.*, No. 20CV6293GBDKHP, 2021 WL 3862857, at *2 (S.D.N.Y. Aug. 30, 2021); *Mariner's Cove Site B Assocs. v. Travelers Indem. Co.*, No. 04CIV.1913(KMW)(RLE), 2005 WL 1075400, at *1 (S.D.N.Y. May 2, 2005).

---

[1] The ACE primary policy is Plaintiff's primary policy that was purchased from Illinois Union Insurance Company. (Opinion & Order at 2–3). The Endurance Excess Policy is part of a fifth layer of excess insurance issued to Plaintiff, which follows form to the relevant terms and conditions of the ACE primary policy. (Opinion & Order at 3).

Moreover, under both New York and Virginia law,[2] evidence of intent can be relevant if the Court finds provisions in the Policy to be ambiguous. *See Mariner's Cove*, 2005 WL 1075400, at *1; *Galloway Corp. v. S.B. Ballard Const. Co.*, 250 Va. 493, 502, 464 S.E.2d 349, 354 (Va. 1995). Courts in the Second Circuit regularly reject arguments like the one asserted by Endurance that an insured should be precluded from discovering extrinsic evidence because the relevant policy language is unambiguous. *Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, No. 14-CV-4717 (FB), 2016 WL 2858815, at *10 (E.D.N.Y. May 16, 2016) (collecting cases). Objections that unambiguous policy language "cannot be undermined through extrinsic evidence presents a challenge that goes to admissibility, as opposed to discoverability." *Virtu Fin.*, 2021 WL 3862857, at *3 (quoting *Nat'l R.R. Passenger Corp.*, 2016 WL 2858815, at *10). "This is especially so in cases where the district judge has yet to rule on the ambiguity or clarity of the applicable policy terms." *Id.* (quoting *Nat'l R.R. Passenger Corp.*, 2016 WL 2858815, at *10).

As such, Endurance is directed to produce to Plaintiff all documents and information regarding Endurance's underwriting of the Policy at issue in this case. However, the objection to produce information regarding underwriters of policies other than that issued to Plaintiff by Endurance is sustained.

## II. Requests For Underwriting Technology Errors And Omissions Insurance Policies For Similar Insureds

Plaintiff requests all documents and information regarding Endurance's underwriting of similar Policies to the Policy at issue in this case. (Jt Ltr at 2). The Court fails to see how the policies that Endurance has with other insureds is relevant to this litigation and Plaintiff does not

---

[2] The Policy issued by Endurance does not contain a choice-of-law provision and Plaintiff contends that Virginia law should apply. (See Opinion & Order at 5). Endurance contends that New York law applies. (Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss [ECF No. 51] at 9).

3

explain how these requests are relevant here. Conversely, Courts in this Circuit have held that the contents of other policies are irrelevant to the extent those policies are not at issue in a case. *See John Hancock Life Ins. Co. (USA) v. Meer as Tr. of Everett Fam. Irrevocable Tr.*, No. 09 CV 2561 (JBW), 2010 WL 11626953, at *4 (E.D.N.Y. May 26, 2010). Moreover, requiring Endurance to open every other file for which it has a Tech E&O Policy would clearly be burdensome and not proportional to the needs of this case. *See John Hancock Life Ins.*, 2010 WL 11626953, at *4.

As such, Plaintiff's request for the underwriting policies for similar insureds is denied.

### III.    Requests For Communications Regarding This Claim

Plaintiff requests documents and information regarding Endurance's handling of the subject insurance claim. (Jt Ltr at 3). Endurance contends that it has agreed to produce all relevant, non-privileged documents in its claim file, but that a search for emails outside of what is kept in Endurance's claims file is "unnecessary and burdensome." (Jt Ltr at 4). However, all documents, wherever maintained, regarding Endurance's handling of Plaintiff's claim are clearly relevant to Endurance's Breach of Contract claim. *See LM Ins. Corp. v. Safety Nat'l Cas. Corp.*, 2021 WL 5596360, at *1 (E.D.N.Y. Nov. 29, 2021) (compelling insurer to produce "claims notes likely to include the basis for denying coverage" and any "factors it considered in denying coverage to [insured] under [insurer]'s policy").

As such, Endurance is directed to produce to Plaintiff *all* documents and information regarding Endurance's handling of the subject insurance claim.

### IV.    Requests For Reinsurance Agreements And Communications With Reinsurers

Plaintiff requests reinsurance agreements relating to Endurance's Policy. (Jt Ltr at 3). Endurance contends that reinsurance contracts have no relevance where there is no issue of the

4

insurer's ability to satisfy any judgment. (Jt Ltr at 4). However, the Court finds that Endurance's communications with its Reinsurer's with respect to the subject insurance claim *is* relevant.

As such, Endurance is directed to produce to Plaintiff all documents reflecting Endurance's communications with its Reinsurers with respect to the subject insurance claim.

### V.      Requests For Claims Handling Guidelines, Manuals, Etc.

Plaintiff requests all documents reflecting Endurance's claim-handling rules, manuals, guidelines, instructions, and/or best practices in effect or under consideration during the relevant time period of the claim. (Jt Ltr at 2; Jt Ltr Exhibits, Ex B ("Defendant Responses to Plaintiff's First Set of Document Requests ¶ 11). Endurance claims that these materials are irrelevant because the only issue in this case is the interpretation of exclusions (and exceptions) in the ACE primary policy. (Jt Ltr 4). However, "claims manuals are relevant and discoverable in actions to recover insurance reimbursement." *Mariner's Cove*, 2005 WL 1075400, at *1.

As such, Endurance is directed to produce to Plaintiff all documents reflecting Endurance's claim-handling rules, manuals, guidelines, instructions, and/or best practices in effect or under consideration during the relevant time period with respect to Tech E&O policies.

### CONCLUSION

Endurance is directed to produce to Plaintiff: (1) all documents and information regarding Endurance's underwriting of the Policy at issue in this case; (2) all documents and information regarding Endurance's handling of the subject insurance claim; (3) all documents reflecting Endurance's communications with its Reinsurers with respect to the subject insurance claim; and (4) all documents reflecting Endurance's claim-handling rules, manuals, guidelines, instructions,

and/or best practices in effect or under consideration during the relevant time period with respect to Tech E&O policies. Responsive documents should be produced on or before April 1, 2022.

Moreover, Endurance's request for a pre-motion conference for its anticipated motion to renew its request to stay discovery [ECF No. 106] is DENIED. This is Endurance's SECOND request to stay discovery that the Court has denied. Endurance is not to ask the Court a third time to stay discovery in this case.

**Failure to comply with the Court's order may result in sanctions, including the preclusion of reliance on any material not provided to Plaintiff, preclusion of claims or defenses, and/or an entry of default judgment.**

The Clerk of Court is respectfully requested to terminate docket entries 96, 100, 106, and 109.

**SO ORDERED.**

Date:  March 10, 2022
      New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**